**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **FARON R. TRUELOVE** | § | |
| **(Bell Co. No. 2016-00003101)** | § | |
| **TDCJ #790252** | § | |
| | § | |
| **V.** | § | **A-16-CA-1233-LY** |
| | § | |
| **RISSIE OWENS, DIRECTOR OF** | § | |
| **TEMPLE PAROLE DIVISION,** | § | |
| **AMY CARR, CHARLES DONELEY,** | § | |
| **MR. SMITH, J. BON-JORNO, and** | § | |
| **UNKNOWN MEMBERS ON THE** | § | |
| **COUNCIL ON SEX OFFENDER** | § | |
| **TREATMENT** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court is Plaintiff's amended complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Bell County Law Enforcement Center on a parole warrant and on a new charge for failing to register as a sex offender.  On January 11, 2017, Plaintiff was convicted of failure to register as a sex

1

offender and was sentenced to two years in prison.  He was recently transferred to the Texas Department of Criminal Justice - Correctional Institutions Division.

Plaintiff explains, in 1974, when he was 18 years of age, he and two friends met two girls at a Dairy Queen in Belton.  They consumed alcohol, and Plaintiff had sex with one of the girls, who he later learned was 14. Plaintiff admitted to having sex with the girl.  A jury found him guilty of "rape of a child," and he was sentenced to four years in prison.  Plaintiff discharged his sentence in 1978, and allegedly was granted clemency by the Texas Board of Pardons and Paroles.

In 1997 Plaintiff was convicted in Bell County of forgery, theft, and burglary.  Plaintiff was released on parole in 2003.  At the time of his release, the Parole Board imposed sex-offender treatment as a condition of his parole and informed Plaintiff of his duty to register as a sex offender for the rest of his life.[1]   After his release on parole, Plaintiff requested to be removed from sex-offender treatment.  His request was granted.  However, he was still required to register as a sex offender.  Sometime in 2005, Plaintiff violated the terms of his parole, and he was returned to prison.

Plaintiff was paroled once again in May 2013.  Upon his release, Plaintiff was required to attend sex-offender treatment.  He immediately voiced his objection to the treatment.  Plaintiff complains his parole officer, Amy Carr, and his treatment provider, Mr. Smith, did nothing to address his complaints.  In July 2013, Plaintiff allegedly sent a petition to Rissie Owens, Chairperson of the Board of Pardons and Paroles; J. Bon-Jorno, Director of the Sex Offender Council on Treatment; and Amy Carr, his parole officer.

---

[1] Both Special Condition X (sex-offender treatment) and Special Condition M (sex-offender registration) were related to Plaintiff's 1974 conviction for rape of a child.

Plaintiff asserts his petition was acknowledged, and he was required to take a polygraph. During Plaintiff's polygraph examination, Plaintiff admitted to attending a bull riding event, going to the lake, and eating at a McDonald's.  Being in such locations, violated the conditions of Plaintiff's parole.  After the polygraph, Carr allegedly refused to remove Plaintiff from the sex-offender treatment program and instead added the requirement that Plaintiff wear a GPS monitoring device.  According to Plaintiff, the device was placed on him in November 2013.  Plaintiff contends the monitor caused him to lose his fiancé and prohibited him from attending church.

Hoping to have the GPS monitor removed, Plaintiff took a second polygraph test.  Plaintiff allegedly "passed" all the questions relating to his "sex conditions," but failed the question regarding illegal drug use.  Accordingly, the Temple Parole Director denied Plaintiff's request to remove the GPS monitor.

Plaintiff subsequently "deactivated" the GPS monitor.  He was arrested and jailed in Brownwood, Texas in May 2014.  Plaintiff indicates he was transferred to an Intermediate Sanctions Facility in July 2014 and remained there until October 2014.

In October 2014, Plaintiff asserts he was transferred to a Houston parole facility operated by GEO.  His parole officer, Mr. Doneley, allegedly told Plaintiff the GPS monitor would stay on until Plaintiff found a job.  Doneley also allegedly took Plaintiff to Harris County officials to register as a sex offender.  Because Plaintiff was considered to still be in custody at the GEO facility, Plaintiff asserts he was unable to register.

In November 2014, Petitioner allegedly sent a second petition to Owens and Bon-Jorno challenging the sex-offender conditions.  He states Owens, Bon-Jorno, and Doneley took no action.

Because no action was taken, Plaintiff walked away from the facility.  Plaintiff was arrested on April 4, 2016, in Belton, Texas for violating his parole and for failing to register as a sex offender.

Plaintiff sues Rissie Owens, the Director of the Temple Parole Division, Amy Carr, Mr. Smith, Charles Doneley, J. Bon-Jorno, and six unknown Members of the Council on Sex Offender Treatment.  He requests a declaratory judgment, injunctive relief and monetary damages.

<u>DISCUSSION AND ANALYSIS</u>

A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

B.    <u>Statute of Limitations</u>

There is no federal statute of limitations for § 1983 actions.  <u>Piotrowski v. City of Houston</u>, 51 F.3d 512, 514 n.5 (5th Cir. 1995); <u>Henson-El v. Rogers</u>, 923 F.2d 51, 52 (5th Cir. 1991), <u>cert. denied</u>, 501 U.S. 1235 (1991).  Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period.  <u>Owens v. Okure</u>, 488 U.S. 235, 249-50

4

(1989).  In Texas, the applicable limitations period is two years.  Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)). Nevertheless, federal law determines when a § 1983 cause of action accrues. Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir . 1993).  A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action. Piotrowski, 51 F.3d at 516.

Plaintiff's claims against Parole Officer Amy Carr, Treatment Provider Mr. Smith, and the Director of the Temple Parole Office are time-barred. These claims accrued prior to Plaintiff's incarceration in Brownwood, Texas in May 2014.  Plaintiff did not execute his original complaint in this case until November 14, 2016, after the limitations period had expired.

C.    Immunity

Being sued in their official capacities for monetary damages, Defendants Owens, Doneley, Bon-Jorno, and the Members of Council on Sex Offender Treatment are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign.   Pennhurst State School Hosp. v. Halderman, 465 U.S. 89 (1984).  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states.  Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990).  The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury.  Green v. State Bar of Texas, 27 F.3d 1083,1087 (5th Cir. 1994).

Defendants Owens and Doneley are also protected from Plaintiff's claims brought against them in their individual capacities for monetary damages by the doctrine of absolute immunity.  See

5

Littles v. Board of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995). Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers. Id.

       D.     Sex-Offender Treatment

Plaintiff does not appear to be challenging the Parole Board's initial decision to impose Condition X upon his release to parole in May 2013. Rather, Plaintiff appears to be challenging the lack of process he was given when he requested that sex-offender treatment be discontinued.

Plaintiff appears to recognize that due to his 1974 conviction he has no valid claim with regard to the imposition of Special Condition X. In a case such as this, the standard governing due process was made clear by the Fifth Circuit in Jennings v. Owens, 602 F.3d 652 (5th Cir. 2010). As set forth therein, a liberty interest sufficient to invoke the protections of due process is implicated when an offender suffers a change in the conditions of confinement which is both stigmatizing and qualitatively different from the punishment characteristically suffered by a person convicted of a crime. Id. at 657-58. The court made clear a finding of stigma required an offender to be subjected to a label which was false. Id. at 658. The Fifth Circuit recognized the sex-offender conditions imposed by Texas were qualitatively different than other conditions attending an inmate's release. Id. at 658. The Fifth Circuit further recognized the conditions would cause stigma "if they were imposed on an individual who . . . had never been convicted of a sex offense." Id. at 659. However, the court concluded stigma could not attach to Jennings as a result of the imposition of sex-offender conditions because the label of "sex offender" was not false as it accurately reflected his prior conviction history, a history he had a full and fair opportunity to contest at the time of his conviction. Id. at 659. The Fifth Circuit has made clear a parolee who has been previously convicted of a sex

offense may be subject to labeling as a sex offender by Texas parole authorities without additional process being afforded.

Plaintiff has not demonstrated a violation of his constitutional rights with regard to the defendants' refusal to remove him from sex-offender treatment. Plaintiff admits he had sex with an underage female, and as a result, he was convicted of rape of a child. As a convicted sex offender, Plaintiff received all the process he was due. Moreover, Plaintiff also admits the defendants considered whether to remove Plaintiff from sex-offender treatment, but due to Plaintiff's violation of his parole conditions, sex-offender treatment was continued. Accordingly, Plaintiff's claims regarding sex-offender treatment against Defendants Owens, Doneley, Bon-Jorno, and Members on Sex Offender Treatment fail to state a claim upon which relief can be granted.

### 2. Sex-Offender Registration

Plaintiff contends his duty to register as a sex offender expired after ten years. He argues he is not required to register for the rest of his life.

Plaintiff's challenge regarding sex-offender registration is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of Heck to state prisoner § 1983 lawsuits in Boyd v. Biggers, 31 F.3d 279 (5th Cir. 1994). In Heck, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

On January 11, 2017, Plaintiff was convicted of failing to register as a sex offender and sentenced to two years in prison. Plaintiff cannot challenge the registration requirement in this case

until his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Accordingly, Plaintiff's claims with regard to sex-offender registration should be dismissed without prejudice to refile once the conditions of <u>Heck</u> are met. Plaintiff should be allowed to refile only upon a showing that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Heck</u>, 512 U.S. at 486-87.

RECOMMENDATION

It is therefore recommended that Plaintiff's time-barred claims against Defendants Director of Temple Parole Office, Amy Carr, and Mr. Smith be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).  It is further recommended that Plaintiff's claims for monetary damages against Defendants Owens, Doneley, Bon-Jorno, and Members of Council on Sex Offender Treatment, in their official capacities, be dismissed without prejudice for want of jurisdiction.  It is further recommended that Plaintiff's claims against Defendants Owens and Doneley in their individual capacities for monetary damages be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).  It is further recommended that Plaintiff's claims against Defendants Owens, Doneley, Bon-Jorno, and the Members of Council on Sex Offender Treatment relating to sex-offender treatment be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e). It is finally recommended that Plaintiff's claims against Defendants Owens, Doneley, Bon-Jorno, and the Members of Council on Sex Offender Treatment relating to sex-offender registration be dismissed without prejudice to refile once the conditions of <u>Heck</u> are met.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>); <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on February 22, 2017.


_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE

10